Filed 5/6/15  P. v. John CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076655 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F02682) |
| v. | |
| BOBBY D. JOHN, | |
| Defendant and Appellant. | |

A jury found defendant Bobby D. John guilty of grand theft of a firearm after he stole a closed safe that contained a handgun.  On appeal, defendant argues that theft includes a knowledge requirement that was not proven here and on which the trial court failed to instruct the jury.  Because we conclude that the offense of theft by larceny requires simply that the defendant intended to steal the property of another and does not require that the defendant know what is being stolen, we find no merit in defendant's argument.  For that reason, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In the summer of 2011, Lucy May Souza was at her home with her husband, Arthur. Lucy was 80 and Arthur was 90, afflicted with dementia and bedridden. One day, at approximately 12:45 p.m., a man wearing a hard hat came to the Souzas' front door. The man told Lucy he was from FEMA and wanted to check the back of her house for seepage from the nearby river. He convinced Lucy to go to her backyard with him. The man spent approximately 10 to 15 minutes making a show of inspecting the yard, calling his "supervisor" and moving Lucy around the yard -- away from her home -- to mark plants she liked with flags and to look at different parts of the ground. After another telephone call, the man abruptly turned and ran away. Lucy did not see him again that day.

Lucy entered her home to check on her husband and saw that a chest of hers had been opened. Knowing that she normally kept this chest closed, Lucy went to inspect and noticed that the chest's contents had been disturbed. She then went to check on her two safes, where she kept her "important papers and valuables locked up." Both were gone. Apart from important documents and nice jewelry, Lucy and Arthur kept a gun in one of the safes. All told, approximately $33,000 in property was taken from the Souzas' home.

Shortly thereafter, Lucy noticed an article in the Sacramento Bee that recounted a burglary very similar to the one she experienced, and she thought the suspect pictured, defendant, looked similar to the man who stole her safes. After receiving a call from Lucy's grandson, Michael Souza, Sacramento County Sheriff's Department Detective Todd Gooler came to Lucy's house and showed her photographs of six different men. Defendant's photograph was included. After Detective Gooler instructed Lucy on photographic lineups, she identified defendant as the man who claimed to be from FEMA.

Defendant was charged with first degree residential burglary from a separate incident. Following an examination hearing, that complaint was consolidated with the complaint concerning the burglary of the Souzas' home, and an information was filed. The charges arising from the incident here included first degree residential burglary; commission of "theft, embezzlement, forgery, fraud and identity theft, with respect to the property of an elder and dependent adult"; and grand theft of a firearm.

At trial, the court instructed the jury that, in order to find defendant guilty of grand theft of a firearm, "the People must prove that: [¶] 1. The defendant took possession of a firearm owned by someone else; [¶] 2. The defendant took the firearm without the owner's consent; [¶] 3. When the defendant took the firearm he intended to deprive the owner of it permanently; [¶] [and] ¶ 4. The defendant moved the firearm, even a small distance, and kept it for any period of time, however brief." While deliberating, the jury sent the court a question asking if it would matter "whether . . . defendant had knowledge or did not have knowledge that a weapon was in the safe at the time it was stolen?" The court replied that "[k]nowledge of the contents of the safe at the time it was taken is not an element of [grand theft of a firearm]." The jury found defendant guilty of all counts. The court sentenced defendant to an aggregate term of nine years and eight months. This appeal followed.

## DISCUSSION

The statute under which defendant was convicted defines grand theft, in pertinent part, as "theft committed [¶] . . . [¶] [w]hen the property taken is [¶] . . . [¶] [a] firearm." (Pen. Code, § 487, subd. (d)(2).) In turn, theft is defined as applying to one "who shall feloniously steal, take, carry, lead, or drive away the personal property of another . . . ." (Pen. Code, § 484, subd. (a).) Defendant contends that because Penal Code section 484, subdivision (a) does not specifically include a mens rea element, this court should construe the statute to require that defendant knew, at the time of the theft, that he was taking a gun. We disagree. The substantive requirements of theft by larceny are well

3

established.  (*People v. Davis* (1998) 19 Cal.4th 301, 305.)  "[Theft by larceny] is committed by every person who (1) takes possession (2) of personal property (3) owned or possessed by another, (4) by means of trespass and (5) *with intent to steal the property*, and (6) carries the property away."  (*Id.* at p. 305, italics added.)  "The intent to steal . . . is the intent . . . to permanently deprive the owner of possession."  (*Ibid*.)  Theft by larceny requires only that defendant intended to steal the property of another; there is no requirement that he knew what he was stealing.

In support of his argument, defendant points to *People v. Taylor* (2001) 93 Cal.App.4th 933.  In that case, we considered a statute prohibiting possession of a cane sword that did not explicitly include a mens rea element.  (*Id.* at pp. 937-938.)  We looked to whether possession of a cane sword could be considered a public welfare offense for which no scienter is required and concluded that because of the "obscure nature of its unlawful characteristic . . . , we infer the Legislature intended a scienter requirement of actual knowledge that the cane conceals a sword."  (*Id.* at p. 941.)  Defendant contrasts *Taylor* with *In re Jorge M.* (2000) 23 Cal.4th 866, in which our Supreme Court held that a statute prohibiting possession of an unregistered assault weapon did not require actual knowledge (*id.* at pp. 869-870) because "a person who knowingly possesses a semiautomatic firearm reasonably should have investigated and determined the gun's characteristics" (*id.* at p. 885).  Defendant argues that because the locked safe here "involved an inherent obscurity . . . like the blade in the . . . cane sword" and because "[g]rand theft of a firearm is a serious felony offense," we should apply the logic of *Taylor* and *Jorge M.* to hold that to be convicted of grand theft of a firearm, defendant must have had actual knowledge that he was stealing a gun.

In *People v. Campbell* (1976) 63 Cal.App.3d 599, we addressed a situation very similar to the one here.  In *Campbell*, the defendant was found guilty of, among other things, grand theft of a firearm.  (*Id.* at p. 603.)  A woman left her purse in her car and the defendant stole the purse.  (*Id.* at pp. 606-607.)  The purse contained a semiautomatic

pistol. (*Id.* at p. 606.) The defendant appealed his conviction, arguing that "theft requires the specific intent to steal . . . [and s]ince there is no evidence that [the] defendant had specific intent to steal the firearm . . . , the conviction for grand theft cannot stand." (*Id.* at p. 615.) We disagreed. "The evidence admits of no doubt that defendant intended to steal *the purse*. In doing so, we are of the view that he intended to steal *the contents* of the purse, in this case the gun . . . . We conclude that the defendant was properly convicted of grand theft of the gun." (*Ibid.*) Just as in *Campbell*, the facts here clearly support the jury's finding, pursuant to the trial court's proper instructions, that defendant "took possession of a firearm owned by someone else; [¶] . . . without the owner's consent; [¶] [with intent] to deprive the owner of it permanently; [¶] [and] [¶] moved it . . . ." That defendant did not have knowledge that he was stealing a gun is immaterial. There is no risk here, as there was in *Jorge M.* and *Taylor*, "of punishing innocent possession" (*People v. Taylor*, *supra*, 93 Cal.App.4th at p. 941) and, as such, there is no need to imply an additional mens rea element of knowledge of the nature of the safe's contents on top of the existing mens rea element of intent to steal. The jury found that defendant intended to permanently deprive the Souzas of their gun. This satisfies the mental state requirement of the offense of theft.

DISPOSITION

The judgment is affirmed.


                                                    ROBIE             , Acting P. J.

We concur:


       BUTZ              , J.


       DUARTE           , J.